UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFREY A. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-016** |
| **JERRY LARPENTER, ET AL.** | **SECTION: "F"(3)** |

**PARTIAL REPORT AND RECOMMENDATION**

Plaintiff, Jeffrey A. Johnson, a state prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Sheriff Jerry Larpenter, Warden Joe Null, Lt. Saultanner, and Assistant District Attorney Barry Vice. Plaintiff asserts various claims concerning his prosecution and incarceration.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that, for the following reasons, plaintiff's claim against Assistant District Attorney Barry Vice should be

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

dismissed as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief.[2]

Plaintiff alleges that, on February 24, 2007, he was arrested on two counts of distribution of cocaine, one count of possession with intent to distribute cocaine, and one count of distribution of Valium. Defendant Barry Vice was the assistant district attorney originally assigned to prosecute those state criminal charges. Plaintiff states that he was a confidential informant who had previously assisted Vice until their relationship deteriorated. Due to that prior relationship, Vice was removed from plaintiff's prosecution. However, in a subsequent proceeding involving Vice on September 13, 2007, plaintiff pleaded guilty to the criminal charges against him. In this lawsuit, he asserts a malicious prosecution claim against Vice.

Even if the Court assumes that plaintiff could otherwise validly assert such a claim,[3] Vice is protected by absolute prosecutorial immunity. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford,

---

[2] This Partial Report and Recommendation addresses only plaintiff's claims against Vice. No recommendation is yet being made with respect to plaintiff's claims against the remaining defendants.

[3] That assumption is in grave doubt in light of the United States Fifth Circuit Court of Appeals' holding that there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003).

3

832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).  If plaintiff believes that the actions taken in his prosecution were improper, his recourse was to challenge those actions in the state court proceedings, not to sue the prosecuting attorney in a federal civil rights action.[4]

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claim against Barry Vice be **DISMISSED WITH PREJUDICE** as pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of January, 2008.

*[signature]*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Further, even if Vice were not protected by absolute immunity, plaintiff *pleaded guilty* to the charges.  Accordingly, Heck v. Humphrey, 512 U.S. 477 (1994), would bar any malicious prosecution claim until such time as plaintiff's convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 487; see Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998).