UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEFFREY A. JOHNSON                                                    CIVIL ACTION

VERSUS                                                                        NO. 08-016

JERRY LARPENTER, ET AL.                                        SECTION: "F"(3)

## REPORT AND RECOMMENDATION

Plaintiff, Jeffrey A. Johnson, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Sheriff Jerry Larpenter, Warden Joe Null, Lt. Saul Tanner, and Assistant District Attorney Barry Vice. Plaintiff asserted various claims concerning his prosecution and incarceration.

On March 14, 2008, the claims against Vice were dismissed with prejudice as frivolous, for failing to state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief.[1] For the following reasons, the undersigned now recommends that plaintiff's remaining claims be dismissed for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the

---

[1] Rec. Doc. 15.

Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). Further, Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

In the complaint, plaintiff declared: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2] Despite that acknowledgment, plaintiff has failed keep the Court apprised of his current address. As a result, more than thirty days ago, mail sent to plaintiff at his address of record, the Terrebonne Parish Criminal Justice Complex, was returned as undeliverable because he had been released from that facility.[3] Plaintiff's current whereabouts are unknown, and, as a result, the preliminary conference scheduled in this case had to be canceled.[4]

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff has failed to provide this Court with his current address despite his written acknowledgment of the fact that a failure to

---

[2] Rec. Doc. 1, p. 10.

[3] Rec. Doc. 13. All subsequent mail in the case has also been returned. Rec. Docs. 16 and 17.

[4] Rec. Doc. 14.

do so could result in dismissal of this lawsuit.  Due solely to plaintiff's actions, this Court has no way to contact him or to advance his case on the docket.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this seventh day of April, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**